FILED
2013 Jul-30 AM 09:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JEANETTE H. WILLIAMS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action Number |
| ) | **2:12-cv-03930-AKK** |
| **SOCIAL SECURITY** ) | |
| **ADMINISTRATION,** ) | |
| **COMMISSIONER,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

### MEMORANDUM OPINION

Jeanette H. Williams ("Williams") brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). This court finds that the Administrative Law Judge's ("ALJ") decision - which has become the decision of the Commissioner - is supported by substantial evidence and, therefore, **AFFIRMS** the decision denying benefits to Williams.

### I. Procedural History

Williams filed an application for Disability Insurance Benefits on July 23,

2009, alleging a disability onset date of July 8, 2009, due to diabetes mellitus and an anxiety disorder. (R. 25, 86). After the SSA denied Williams' claim, she requested a hearing before an ALJ. (R. 87, 93). The ALJ subsequently denied Williams' claim, (R. 22-38), which became the final decision of the Commissioner when the Appeals Council refused to grant review, (R. 1-6). Williams then filed this action for judicial review pursuant to § 205(g) and § 1631(c)(3) of the Act, 42 U.S.C. § 405(g) and § 1383(c)(3). Doc. 1; *see also* doc. 9.

## II. Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id*. (citing *Bloodsworth v. Heckler*,

703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III.  Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(I). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. § 404.1520(a)-(g). Specifically, the Commissioner must determine in sequence:

(1) whether the claimant is currently unemployed;

(2) whether the claimant has a severe impairment;

(3) whether the impairment meets or equals one listed by the Secretary;

(4) whether the claimant is unable to perform his or her past work; and

(5) whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id*. at 1030 (citing 20 C.F.R. § 416.920(a)-(f)). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

Lastly, where, as here, a plaintiff alleges disability because of pain, she must meet additional criteria. In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of

pain or other subjective symptoms." *Holt v. Barnhart*, 921 F.2d 1221, 1223 (11th Cir. 1991). Specifically,

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.[1]

*Id*. However, medical evidence of pain itself, or of its intensity, is not required:

> While both the regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, <u>neither requires objective proof of the pain itself</u>. Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the *Hand* standard <u>a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself</u>. *See* 20 CFR §§ 404.1529 and 416.929; *Hale* [*v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)].

*Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991) (parenthetical information omitted) (emphasis added). Moreover, "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Holt*, 921 F.2d at 1223. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, the ALJ must find a disability unless the ALJ properly discredits the claimant's

---

[1] This standard is referred to as the *Hand* standard, named after *Hand v. Heckler*, 761 F.2d 1545, 1548 (11th Cir. 1985).

testimony.

Furthermore, when the ALJ fails to credit a claimant's pain testimony, the ALJ must articulate reasons for that decision:

> It is established in this circuit that if the [ALJ] fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the [ALJ], as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the [ALJ] be supported by substantial evidence.

*Hale*, 831 F.2d at 1012.  Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if the ALJ's reasons are not supported by substantial evidence, the court must accept as true the pain testimony of the plaintiff and render a finding of disability.  *Id*.

## IV.  The ALJ's Decision

After noting that Williams meets the insured status requirements, the ALJ properly applied the five step analysis and first determined that Williams has not engaged in substantial gainful activity since July 8, 2009, and therefore met Step One.  (R. 28).  The ALJ also acknowledged that Williams' diabetes, hypertension, and sleep apnea were severe impairments that met Step Two.  *Id*.  The ALJ proceeded to the next step and found that Williams failed to meet or equal one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, Appendix 1 and thus did not satisfy Step Three.  (R. 33).  Although he answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ proceeded to

Step Four where he determined that Williams

> has the residual functional capacity to perform sedentary work, as defined in 20 CFR 404.1567(c), which she can perform while restricted from any exposure to unprotected heights, driving, the operation of hazardous machinery, and from the performance of any right lower extremity pushing and/or pulling.

(R. 33). With respect to the pain standard, the ALJ found that "the claimant's medically determinable impairment could reasonably be expected to cause some, but not all of the alleged symptoms. The claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (R. 34). As a result, the ALJ found that Williams is capable of performing past relevant work as an administrative assistant. (R. 35). Accordingly, the ALJ found that Williams is not disabled. *Id.*; *see also McDaniel*, 800 F.2d at 1030.

## V.  Analysis

Williams contends that the ALJ's decision should be reversed because his RFC finding is not supported by substantial evidence and he failed to assess the effect Williams' obesity has on her physical and mental ability to work. *See* doc. 9. The court addresses each contention in turn.

A.  Substantial Evidence Supports the ALJ's RFC Finding

Williams raises two bases for her contention that the ALJ's RFC finding is not supported by substantial evidence. First, Williams alleges that the ALJ improperly relied on a Single Decision-Maker ("SDM") RFC Assessment. Doc. 9 at 8-11. This first assertion fails because the ALJ explicitly noted that he afforded no weight to the SDM RFC assessment "as it is an adjudicatory document only and is therefore not considered to be evidence." (R. 34). Although Williams contends that the ALJ must have afforded "more than no weight" to the RDM because it is the only opinion in the record that supports the ALJ's sedentary work RFC, doc. 9 at 9, Williams failed to point to specific evidence in the record that contradicts the ALJ's finding. She cannot do so because a review of the record supports the ALJ's finding that Williams can perform sedentary work and shows that her impairments are generally well controlled by medications and other treatments. *See e.g.*, (R. 207-220, 237, 272, 275, 284, 290, 293, 319-22, 332). Therefore, the court finds that the ALJ did not erroneously rely on the SDM RFC assessment.

Second, Williams contends that the ALJ failed to obtain a consultative examination from a physician to support his finding. Williams bases this argument on an old Social Security Regulation defining RFC as "[a] *medical*

*assessment* of what an individual can do in a work setting in spite of the functional limitations and environmental restrictions imposed by all of his or her medically determinable impairments(s)." SSR 83-10 (1983) (emphasis added). However, the phrase "medical assessment" was later removed from the regulations. *See* 56 FR 36932-01 (August 1, 1991). Moreover, Williams' assertion fails irrespective of the inclusion of the term "medical assessment" in the definition of RFC. A determination regarding a claimant's RFC is an issue reserved for the Commissioner and properly delegated to the ALJ. 42 U.S.C. § 405(a),(b)(1); 20 C.F.R. §§ 404.929, 404.944, 404.946, 404.953, and 404.955. Therefore, "[g]iving controlling weight to [source opinions] would, in effect, confer upon the treating source the authority to make the determination or decision about whether the individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled." SSR 96-5p, 1996 WL 374183, at *2 (July 2,1996).

    Instead, the regulations direct the ALJ to make a RFC finding "based upon consideration of all relevant evidence in the case record, *including medical evidence and relevant nonmedical evidence*, such as observations of lay witnesses of an individual's apparent symptomology, an individual's own statement of what he or she is able or unable to do, and many other factors that could help the

adjudicator determine the most reasonable findings in light of all the evidence." *Id.*, at * 5 (emphasis added).  In other words, the ALJ must make a determination based on the record as a whole, not simply a medical assessment provided by a treating physician or consultative examiner.  In this instance, the ALJ's finding is supported by the record as a whole, including the medical reports of Williams' treating physicians.

Moreover, the ALJ is only required to obtain a consultative examination "to try to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to allow [the ALJ] to make a determination" after "consider[ing] not only existing medical reports, but also the disability interview form containing [the claimant's] allegations as well as other pertinent evidence in [her] file."  20 C.F.R. § 404.1519a.  However, Williams failed to point to any inconsistency in or insufficiency of the medical evidence; rather, Williams simply contends that an ALJ may not make a RFC finding without first obtaining a RFC assessment from a physician.  Doc. 9 at 8-9. Unfortunately for Williams, as stated above, requiring an ALJ to rely on such an assessment "would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled."  SSR 96-5p.  Instead, an ALJ may make a RFC determination without a RFC assessment so long as the determination is supported by substantial evidence.  *Green v. Social*

*Sec. Admin.*, 223 F. App'x 915, 923-924 (11th Cir. 2007); *Parker v. Astrue*, No.11-0084-CG-N, 2013 WL 593497, at *2-3 (S.D. Ala. Feb. 14, 2013).  Based on the record before this court, the ALJ's RFC determination is supported by substantial evidence.

B.     The ALJ Did Not Err in Failing to Find Obesity a Severe Impairment

Williams contends next that the ALJ erroneously deemed her obesity a non-severe impairment by failing to follow the "slight abnormality" standard and, further, that the ALJ failed to properly evaluate Williams' obesity related limitations.  Doc. 9 at 12.  The court first notes that Williams failed to list obesity as an illness, injury, or condition limiting her ability to work. *See* (R. 185) (listing only diabetes, high blood pressure, post-traumatic stress disorder, chronic sinus issues and allergies, sleep apnea, and acid reflux).  Regardless, the ALJ's finding that this impairment is not "severe" is supported by substantial evidence.

As the ALJ noted, an impairment must be more than "a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitation." 20 C.F.R. § 416.924(c).  However, the record fails to support Williams' assertion that her obesity is more than a "slight abnormality." Although Williams' medical records reference her obesity, they fail to note any symptoms or functional limitations attributable to obesity.  *See* (R. 232, 237, 242, 272, 279, 284,

290, 319, 332, 345). Instead, Williams' doctors consistently note that she should simply continue the low carbohydrate diet, as it was helping her successfully lose weight. *See id.* In light of this evidence, the ALJ did not err in failing to list obesity as a severe impairment. *See Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999) (affirming an ALJ's finding that an impairment was not severe where substantial medical evidence showed that the claimant "manifested few symptoms of the disease").

Alternatively, even if the ALJ erred in failing to list obesity as a severe impairment, "the error was harmless because the ALJ concluded that [Williams] had a severe impairment: and that finding is all that step two requires." *Heatly v. Commissioner of Social Sec.,* 382 F. App'x, 823, 824-25 (11th Cir. 2010), citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (stating also that "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe.").

Lastly, the ALJ did not fail to consider the effects of Williams' obesity on her physical and mental functional capabilities. As discussed above, the evidence fails to demonstrate any functional limitations attributable to obesity. However, the ALJ explicitly considered all of Williams' purported impairments and symptoms in making his disability determination. (R. 28-34). Even considering

any obesity-related symptoms, the record fails to establish that Williams is disabled. Accordingly, the ALJ's determination is supported by substantial evidence.

## VI.  CONCLUSION

Based on the foregoing, the court concludes that the ALJ's determination that Williams is not disabled is supported by substantial evidence and proper legal standards were used in making this determination. Therefore, the Commissioner's final decision is **AFFIRMED**.

**DONE** the 30th day of July, 2013.

 

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE